ESTATE OF F. M. STEARNS, FRANK B. STEARNS, EXECUTOR, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 16672, 19922. Promulgated June 4, 1929.

*J. W. Reavis, Esq.,* for the petitioner.
*Brooks Fullerton, Esq.,* for the respondent.

894

OPINION.

VAN FOSSAN: Two issues are presented. The second is whether the assessment of the taxes in question for the year 1920 and the year 1921 is barred by the statute of limitations.

Section 277 of the Revenue Act of 1926, which is applicable to the second issue, provides in substance, among other things, that the income taxes imposed by the Revenue Act of 1918 shall be assessed within five years after the return was filed and that the income taxes imposed by the Act of 1921 shall be assessed within four years after the return was filed.

Section 278 (a) of the Revenue Act of 1926 provides, among other things, that " in the case of   *  *  *   a failure to file a return a tax may be assessed or a proceeding in court for the collection of such tax may be begun without assessment at any time."

On or about March 15, 1921, the petitioner filed an income-tax return for the year 1920. On or about March 15, 1922, petitioner filed a return for the year 1921. Both returns were made on Form 1041. An alleged deficiency with respect to the 1920 tax was determined by the respondent on May 25, 1926, which latter date is more than five years after the return for the year 1920 was filed on Form 1041. The asserted deficiency in tax for the year 1921 was determined by the respondent on July 20, 1926, which is more than four years after the return for the year 1921 was filed on Form 1041.

The position of the respondent is that the applicable regulations issued pursuant to the Revenue Acts of 1918 and 1921, which have the force and effect of law, require that if the estate had taxable income in the years 1920 and 1921 the fiduciary should report for each of such years on Form 1040. The respondent asserts that the petitioner had income taxable to it in both of the years 1920 and 1921 and that consequently a return filed on Form 1041 instead of on Form 1040 was not filed in compliance with the regulations and the statutes. The respondent, therefore, denies that the assessment of the taxes in question is barred by the statutes of limitations. In other words, the respondent's position is, in substance that in accordance with section 278 (a) of the Revenue Act of 1926 the taxes here in question may be assessed or a proceeding in court for the collection of such taxes may be begun without assessment at any time.

In respect to the question involved in the second issue, there is no material distinction in principle between this case and the case of *Abraham Werbelovsky, Executor*, 8 B. T. A. 442. In the *Werbelovsky* case, as in this case, the executor had filed his return in good faith on Form 1041. In that case, as in this case, the respondent claimed that there was income taxable to the estate and

that, therefore, pursuant to the applicable regulations, the report should have been filed on Form 1040. In the instant case there is no allegation that the returns filed on Form 1041 were false or fraudulent returns " with intent to evade tax " nor was there a similar allegation in the *Werbelovsky* case.

Therefore, in accordance with the views expressed in the *Werbelovsky* case, *supra*, we are of the opinion that the returns filed by the petitioner for the year 1920 and the year 1921 sufficiently comply with statutory requirements and that the assessment and collection of the taxes in question are barred by the provisions of section 277 of the Revenue Act of 1926.

Reviewed by the Board.

*Judgment will be entered for the petitioner.*